## RECH v YOUNGSTOWN MUNI RY CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 3, 1928

Ruffalo & Buonpane, Youngstown, for Rech.

Harrington, DeFord, Huxley & Smith, Youngstown, for Ry Co.

POLLOCK, J.

Defendant's claim is that the automobile in which the plaintiff was riding was operated upon Albert Street over on the right hand side of the street and beyond the defendant's track on which this electric car was passing; that when it came into collision or came to the parked automobile and stopped, the electric car was but a short distance away and the track was clear, that the operator of the car, without waiting for the street car to pass, backed his car onto the track, that the street car was so close that it was impossible for the motorman to stop the car and prevent the injury. This is the testimony of a number of the witnesses. Plaintiff herself testifies that the operator of the automobile backed the car from three to four feet, something like that. The trouble about this question is that the operator of this automobile, while he was somewhat uncertain, yet he testifies in several places positively that before he came into collision with the parked car that .the left hand wheels of his automobile were over beyond the right hand · rail of the electric track, and was in that position when 'he had to stop on account of the parked car; that he had just started to back, but that the backing was not the cause of the automobile being in front of the street car, but it was because' he had been compelled to stop when he came to this parked automobile. There is some evidence tending' to prove ·that this car was being operated prior to the backing on the electric track and was when it stopped. If it was, it was a question for the jury to determine, whether the operator of the street car should not have seen the automobile upon its tracks in time to stop the car and avoid the injury.

We are not permitted to weigh this testimony, but if there is a scintilla of evidence to that effect, the court could not direct a verdict. For this reason the judgment is reversed and the cause remanded for further proceedings. Exceptions noted.

Farr and Roberts, JJ, concur.